## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORIANA RADWAN <br> *Plaintiff* | CIVIL ACTION NO. 3:16-CV-02091 |
| v. | |
| UNIVERSITY OF CONNECTICUT <br> BOARD OF TRUSTEES, ET AL. <br> *Defendant* | August 29, 2018 |

## DEFENDANTS' PROPOSED SUPPLEMENTAL ANSWER

Pursuant to Federal Rule of Civil Procedure 15, defendants, Warde Manuel in his individual capacity, Mona Lucas, Leonidas Tsantiris in their individual and official capacities, and the University of Connecticut Board of Trustees (collectively referred to as UConn) hereby supplement their answer [Dkt. 15] to allegations in plaintiff's complaint that it was unable to admit or deny because the information was protected by FERPA , as follows:

**Original Response to Paragraph 65**

65. As to paragraph 65, regarding what the Courant article attached as Exhibit Z to the complaint states, there are no factual allegations for the defendants to admit or deny; the article speaks for itself. As to the remaining allegations, the defendants may not admit or deny as any response may disclose information that is protected by FERPA and may not be released without proper authorization or a court order.

**Supplemental Response to Paragraph 65**

65. As to paragraph 65, regarding what the Courant article attached as Exhibit Z to the complaint states, there are no factual allegations for the defendants to admit or deny; the article speaks for itself. It is admitted that Andrew Adams was not suspended from any games or team activities and his scholarship was not revoked.

**Original Response to Paragraph 66**

66. As to paragraph 66, admit that plaintiff's conduct in showing the ESPNU camera the middle finger at the conclusion of the USF game on November 9, 2014, was characterized by UConn as serious misconduct that resulted in plaintiff's suspension from all team activities, and then cancellation of her scholarship. To the extent that plaintiff alleges that her conduct was the same or similar to Andrew Adam's conduct on October 2, 2015, this allegation is denied. To the extent that plaintiff alleges that she was treated differently from Andrew Adams because of her sex, this allegation is denied.

**Supplemental Response to Paragraph 66**

66. As to paragraph 66, admit that plaintiff's conduct in showing the ESPNU camera the middle finger at the conclusion of the USF game on November 9, 2014, was characterized by UConn as serious misconduct that resulted in plaintiff's suspension from all team activities, and then cancellation of her scholarship. To the extent that plaintiff alleges that her conduct was the same or similar to Andrew Adam's conduct on October 2, 2015, this allegation is denied. To the extent that plaintiff alleges that she was treated differently from Andrew Adams because of her sex, this allegation is denied. As to the allegation that Andrew Adams received no actual discipline, it is admitted that Andrew Adams was not suspended from any games or team activities and his scholarship was not revoked.

**Original Response to Paragraph 68**

68. As to paragraph 68, as to what the December 15, 2016 New Haven Register article states, attached to plaintiff's complaint as Exhibit AA, and what the December 14, 2016 Hartford Courant Article states, attached to plaintiff's complaint as Exhibit BB, there are no allegations for the defendants to admit or deny; the articles speak for themselves. As to the remaining

2

allegations, the defendants may not admit or deny as any response may disclose information that is protected by FERPA and may not be released without proper authorization or a court order.

**Supplemental Response to Paragraph 68**

68. As to paragraph 68, as to what the December 15, 2016 New Haven Register article states, attached to plaintiff's complaint as Exhibit AA, and what the December 14, 2016 Hartford Courant Article states, attached to plaintiff's complaint as Exhibit BB, there are no allegations for the defendants to admit or deny; the articles speak for themselves. As to the allegation that Brian Cespedes was not suspended from the team after his arrest in December 2016, or after the alleged fight in September 2016, it is admitted.

**Original Response to Paragraph 69**

69. As to paragraph 69, admit that Felton Blackwell and Nazir Williams were arrested on or about October 19, 2016. As to what the December 15, 2016 New Haven Register article states, attached to plaintiff's complaint as Exhibit AA, and what the December 14, 2016 Hartford Courant Article states, attached to plaintiff's complaint as Exhibit BB, there are no allegations for the defendants to admit or deny; the articles speak for themselves. As to the remaining allegations, the defendants may not admit or deny as any response may disclose information that is protected by FERPA and may not be released without proper authorization or a court order.

**Supplemental Response to Paragraph 69**

69. As to paragraph 69, admit that Felton Blackwell and Nazir Williams were arrested on or about October 19, 2016. As to what the December 15, 2016 New Haven Register article states, attached to plaintiff's complaint as Exhibit AA, and what the December 14, 2016 Hartford Courant Article states, attached to plaintiff's complaint as Exhibit BB, there are no allegations for the defendants to admit or deny; the articles speak for themselves. It is admitted that Felton

Blackwell was arrested for possession of a firearm in a motor vehicle. It is admitted that Felton Blackwell was placed on University Suspension from UConn in November 2016 for the remainder of the academic year and as a result his scholarship was cancelled for the 2017 spring semester. It is admitted that Nazir Williams was charged with possession of marijuana and possession of alcohol by a minor and possession of a firearm and he was placed on University probation.

**Original Response to Paragraph 70**

70. As to paragraph 70, deny that plaintiff and other female student-athletes were treated differently from male student-athletes because of their sex. As to the remaining allegations in paragraph 70, the defendants may not admit or deny as any response may disclose information that is protected by FERPA and may not be released without proper authorization or a court order.

**Supplemental Response to Paragraph 70**

70. As to paragraph 70, deny that plaintiff and other female student-athletes were treated differently from male student-athletes because of their sex. It is admitted that Williams was suspended from the team following his arrest in October 2016. It is admitted that Cespedes was not suspended from the team following his arrest in December 2016. To the extent that plaintiff alleges that her conduct in showing the ESPNU camera the middle finger at the conclusion of the USF game on November 9, 2014, did not merit cancellation of her scholarship because the arrests of two football players did not lead to cancellation of their scholarships, this allegation is denied.

4

**Original Response to Paragraph 72**

72. As to plaintiff's statements about what Exhibit Y states, there are no allegations for the defendants to admit or deny; the document speaks for itself. As to whether one of the "bookshop thefts" was perpetrated by a member of the male soccer team, the defendants may not admit or deny as any response may disclose student-identifying information that is protected by FERPA and may not be release without proper authorization or a court order.

**Supplemental Response to Paragraph 72**

72. As to plaintiff's statements about what Exhibit Y states, there are no allegations for the defendants to admit or deny; the document speaks for itself. It is admitted that one of the "bookshop thefts" was perpetrated by a member of the male soccer team, and following an administrative conference conducted by the Office of Community Standards, the student received as a sanction a warning that another violation of University policy could result in University probation, suspension or expulsion; and student was required to attend "Living Your Values" workshop.

**Original Response to Paragraph 86**

86. As to paragraph 86, as to the opinion that the U.S. Attorney for San Juan Puerto Rico, should investigate for any truly serious misconduct, including any violations of law, this is not an allegation for the defendant to admit or deny. As to the remaining allegations, the defendants may not admit or deny as any response may disclose information that is protected by FERPA and may not be released without proper authorization or a court order.

**Supplemental Response to Paragraph 86**

86. As to paragraph 86, as to the opinion that the U.S. Attorney for San Juan Puerto Rico, should investigate for any truly serious misconduct, including any violations of law, this is not an

allegation for the defendant to admit or deny. It is admitted that Rakim Lubin and Omar Calhoun, the only two of the four basketball players who received athletic grant in aid, did not have their athletic grant in aid cancelled because of their violation of team rule(s) at the Puerto Rico tournament. It is denied that the four men's basketball players' violation of team rule(s) was more serious than the Plaintiff's conduct, i.e., showing the ESPNU camera the middle finger at the conclusion of the USF game on November 9, 2014.

DEFENDANTS,

GEORGE JEPSEN
ATTORNEY GENERAL

BY: /s/
Rosemary M. McGovern
Assistant Attorney General
Federal Bar No. ct19594
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5160
Fax: (860) 808-5084
Rosemary.mcgovern@ct.gov

## CERTIFICATION

I hereby certify that on 29th day of August, 2018, a copy of foregoing Proposed Supplemental Answer was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DEFENDANT

GEORGE JEPSEN
ATTORNEY GENERAL

BY: /s/
Rosemary M. McGovern
Assistant Attorney General
Federal Bar No. ct19594
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5160
Fax: (860) 808-5084
Rosemary.mcgovern@ct.gov