**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NORIANA RADWAN <br> PLAINTIFF, <br> <br> v. <br> <br> UNIVERSITY OF CONNECTICUT BOARD OF TRUSTEES, WARDE MANUEL, LEONARD TSANTIRIS, AND MONA LUCAS, INDIVIDUALLY, DEFENDANTS | : CIVIL ACTION NO. 3:16-CV-02091 (VAB) <br> : <br> : <br> : <br> : <br> : APRIL 1, 2019 |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION [Dkt. 71] TO DEFENDANTS' MOTION TO PRECLUDE EXPERT WITNESS'S REPORT AND TESTIMONY [Dkt. 70]**

The Defendants provide the following brief in response to plaintiff's objection [Dkt 71] to their motion to preclude Donna Lopiano's report and expert testimony [Dkt. 70]:

**1. Plaintiff Misstates the Relevant Procedural History Leading to the Settlement Conference.**

Plaintiff's counsel has omitted significant details from their narration of the procedural history of this case since August 2018. [Dkt. 71, pp. 2-4]. Plaintiff makes baseless accusations against Defendants and undersigned counsel relating to the requested settlement conference. *See* [Dkt. 71, p. 3, including n.1]. The court granted the parties' joint motion to stay discovery pending the settlement conference. [Dkt. 63]. Defendants in good faith sought a settlement conference that was held before Judge Garfinkel on February 11, 2019. [Dkt. 69]. On behalf of the defendants, defense counsel suggested the settlement conference to Attorney Klein while in the midst of producing supplemental discovery responses and discussing scheduling Dr. Lopiano's and the defendants' depositions. Attorney Klein and defense counsel had numerous

1

discussions via written correspondence and telephone conference related to discovery disputes throughout July and August, 2018. These discovery disputes were resolved -- contrary to plaintiff's characterization. [*See* Dkt. 71, p. 17-18]. Moreover, if Attorney Klein did not agree to a settlement conference, the defendants would have moved for an extension of time to depose plaintiff's expert and to disclose defendants' testifying expert.

The defendants and undersigned counsel were not responsible for the delayed settlement conference. The settlement conference was originally scheduled for November 8, 2018, before Magistrate Judge Garfinkel. [Dkt. 65]. On October 31, 2018, the conference was rescheduled to November 9, 2018. [Dkt. 67]. On the morning of November 9, 2018, just hours before the scheduled settlement conference, Judge Garfinkel's staff contacted counsel that the judge needed to reschedule the conference. The court rescheduled the conference and held it on February 11, 2019. [Dkt. 69].

**2. Plaintiff Misstates the Elements of A Selective Enforcement Claim Under Title IX and the Equal Protection Clause as Established by the Second Circuit.**

At pp. 9-11 of plaintiff's brief, [Dkt. 71, 9-11] plaintiff articulates that her Title IX and Equal Protection Clause counts allege selective enforcement claims. Plaintiff omits from her brief that established law requires a plaintiff alleging a selective enforcement claim based on sex to present evidence that male students were treated more favorably than she in *similar circumstances*. [*See* Dkt. 70-1, pp. 5-6]. By omitting this requirement, plaintiff views that any and all instances in which a male UConn student-athlete engaged in misconduct and/or received discipline that differed from plaintiff is relevant to her selective enforcement claim. As argued more fully in defendants' brief in

support of its motion to preclude, this expansive standard is contrary to Second Circuit caselaw. [Id.]

**3. Testimony related to NCAA Division I collegiate sports programs' compliance with the gender equity requirements of Title IX is not relevant to any claim alleged in plaintiff's complaint.**

Plaintiff generally argues that gender equity requirements of Title IX is a "recognized field of expertise on which expert testimony" may be offered in United States District Court, District of Connecticut. [Dkt. 71, pp. 4-11]. Plaintiff fails to respond to the specific grounds raised in the defendants' motion regarding each of the "opinions" offered by Dr. Lopiano in response to the twelve queries posed to her by plaintiff. [Dkt. 70-1, pp. 7-18]. Plaintiff simply argues that because Dr. Lopiano has been permitted to provide expert testimony in other federal cases that alleged Title IX violations against collegiate athletic departments, her expert testimony should be permitted in this case. [Dkt. 71, pp. 7-8].

The plaintiff characterizes her Title IX and Equal Protection Clause claims as a selective enforcement claim, i.e, she received a harsher penalty for her behavior [showing her middle finger to the ESPNU camera while celebrating UConn's AAC championship game victory] than UConn male student athletes who engaged in unsportsmanlike conduct and "far more serious misconduct" than she. [Dkt. 71, pp. 9-11].

Plaintiff fails to identify how Dr. Lopiano's testimony relating to "gender equity requirements of Title IX" is at all applicable to the present case. Notwithstanding the plaintiff's own characterization of her Title IX claim as that of a of selective enforcement

claim against UConn and the individual UConn employees, plaintiff inexplicably states the following: "The core of the Title IX claim in Count 1 of the Complaint deals with discrimination against the Plaintiff in National Collegiate Athletic Association ("NCAA") Division I collegiate athletics based on her gender." [Dkt. 71, p. 6]. Further puzzling, plaintiff argues that Dr. Lopiano has specialized knowledge relating to the "inner working of collegiate athletics, grants-in-aid (i.e., sports scholarships), standards and practices of disciplinary enforcement, and considerations of gender bias, prejudice and equity in NCAA Division I college sports programs," an area that is "beyond the common knowledge of judges and jurors." [Dkt. 71, pp. 6-7].

First, the only defendants in the present case are UConn and three current and former UConn employees in their individual capacities.  The NCAA and the collective Division I colleges and universities (340 members in 2014) are not defendants. Whatever "gender bias, prejudice and equity" there may be in Division I athletics generally is not an issue in the present case.  As it relates to plaintiff's Title IX claim, the only relevant query is whether the defendants were motivated by gender bias when the plaintiff's scholarship was terminated.  Yu v. Vassar College, 97 F. Supp. 3d. 448 , 46 (S.D.N.Y. 2015).

Second, whether Dr. Lopiano has been permitted to testify as an expert witness in other cases where a Title IX violation was alleged against another Division I university is immaterial to the court's determination of whether Dr. Lopiano's report and proposed testimony in *the present case* complies with the requirements of FRE 401, 702, and Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kuhmo Tire Co. v. Carmichael, 526 U.S. 137 (1999). In fact, the case in which Dr. Lopiano testified as an

4

expert witness in Connecticut federal district court, Biediger v. Quinnipiac University, 728 F. Supp. 2d 62 (2010), involved a Title IX claim that was entirely different from Ms. Radwan's selective enforcement claim. Biediger was a class action suit that alleged Quinnipiac University discriminated against the class of female student-athletes in its allocation of athletic participation opportunities. Id. at 114. Here, Ms. Radwan is the only plaintiff and the Title IX claim alleges that when UConn and the individual defendants terminated the plaintiff's athletic scholarship, sex was a motivating factor.

According to the plaintiff's brief, Dr. Lopiano's testimony in Biediger covered the subjects of team roster analysis to determine which students counted as athletic participants under Title IX regulations; individual sports offered to female members of the student body; and off-campus recruiting. [Dkt. 71, p. 7-8]. Testimony relating to these subjects were permitted in Biediger to assist the court in determining whether the plaintiff class's (female students at Quinnipiac University) Title IX rights were violated. None of these subjects are germane to the issue of whether Ms. Radwan's rights under Title IX were violated.

**4. Plaintiff fails to address the grounds raised in Defendants' motion to preclude expert testimony [Dkt. 70-1] that specifically addressed each opinion expressed by Dr. Lopiano in her report.**

At page 11 though 15 of plaintiff's objection [Dkt. 71], instead of addressing the grounds raised in defendants' motion to preclude Dr. Lopiano's expert testimony [*See* Dkt. 70-1, pp. 7-18], plaintiff challenges defendants' objection to plaintiff's request for production. As should be obvious, the only issue presented by the pending motion is whether Dr. Lopiano's testimony and report should be precluded. Plaintiff has not

5

complied with the applicable Federal Rules of Civil Procedure, Local Rules or Judge Bolden's standing orders that govern when and how a party may seek the court's involvement in deciding a discovery dispute. The defendants do not agree with the plaintiff's summary of defendants' responses and objections to her request for production. [Dkt. 71, pp. 14-15, 17-18]. Any discovery dispute that plaintiff wishes to pursue is not properly before the court in the present motion. Therefore, without waiving any objection, the defendants do not address the discovery disputes raised in plaintiff's brief.

**5. Dr. Lopiano's testimony and report relating to factual findings must be excluded.**

Plaintiff generally argues that experts are permitted to testify about factual conclusions and, accordingly, any factual findings made by Dr. Lopiano are permitted. [Dkt. 71, p. 16-17]. Defendants identified in their brief in support of motion to preclude each factual conclusion made by Dr. Lopinao that must be excluded. [Dkt. 70-1, pp. 13-14]. Defendants moved to exclude this testimony on two grounds: 1) that this proposed testimony infringed upon the role of the jury to find facts *and; 2)* that these "opinions" were based upon a flawed reasoning and methodology. [*See* Dkt. 70-1, pp. 12-14, 15, 17]. Plaintiff has failed to respond to the second ground, and thus defendants rely upon the arguments raised in their brief in support of the present motion. [Id.].

With regard to the first ground, Dr. Lopiano's factual findings amount to nothing more than a factual narrative, not admissible as expert testimony. *See* S.E.C. v. Tourre, 950 F. Supp. 2d 666, 675-76 (S.D.N.Y. 2013)("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a

narration traceable to a reliable methodology. Mere narration thus fails to fulfill <u>Daubert's</u> most basic requirements."); *see also* <u>In re LIBOR-Based Financial Instruments Antitrust Litigation</u>, 299 F. Supp. 3d 430, 469 (S.D.N.Y. 2018).

Moreover, many of Dr. Lopiano's factual findings contain conclusions about defendants' motives and are based upon speculation. [*See* Dkt. 70-1, pp 13, 14, 15, 16.] Such expert testimony is not permissible. *See* <u>Scott v. Chipotle Mexican Grill, Inc</u>, 315 F.R.D. 33, 45-46 (S.D.N.Y. 2016) ("Inferences about the intent or motive of parties or others lie outside of the bounds of expert testimony."); s*ee also* <u>Doe v. Colgate University</u>, 2017 WL 4990629 at \*9 (N.D.N.Y. 2017).  Additionally, an expert's opinion based upon speculation and assumptions is not admissible pursuant to Rule 702. *See* <u>Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC</u>, 571 F.3d 206, 213-14 (2d Cir. 2009) ("[A] trial judge should exclude expert testimony if it is speculative or conjectural...."); <u>Disabled in Action v. City of New York</u>, 2019 WL 1017268, at \*2 (S.D.N.Y. Mar. 4, 2019).

**6. The Court may Rule on Defendants' Motion to Preclude Dr. Lopiano's Testimony and Report.**

Dr. Lopiano's proposed testimony should be precluded by the court at this phase in the litigation. Plaintiff argues that her report is not final and is subject to change as discovery continues in the present case, including Dr. Lopiano's review of the defendants' depositions. [Dkt. 71, 16-17.][1] Possible revisions to her report (and

---

[1] Plaintiff states that defendants have "stonewalled" her request for production of documents as it relates to allegations contained in paragraph 83 of the complaint which alleges the following:

> On Sunday, November 23, 2014, according to *Hartford Courant* reporter Dom Amore in his article of November 24, 2014, "Rakim Lubin, Omar Calhoun Among

testimony) would not ameliorate the grounds for excluding Dr. Lopiano's testimony. [Dkt. 70-1]. An expert's report based upon deposition testimony for the purpose of providing a "factual narrative" and speculating on the state of mind of parties is not admissible. Highland Capital Management, L.P. v. Schneider, 379 F. Supp. 2d 461, 469-470 (S.D.N.Y. 2005), and *cases cited therein*.

Defendants rely upon their brief in support of their motion that the court should grant the present motion during this phase of the litigation. Needless discovery will be pursued by plaintiff if Dr. Lopiano's testimony and report are not precluded.

## **CONCLUSION**

Based upon the foregoing, and the defendants' brief in support of the defendants' motion to preclude Dr. Lopiano's report and testimony, the defendants' motion should be granted because Dr. Lopiano's anticipated testimony and opinions do not satisfy the criteria for the admissibility of expert testimony as set forth in the Federal Rules of Evidence 401 and 702; Daubert, 509 U.S. 579; and Kuhmo, 526 U.S. 137.

---

4 UConn Players Suspended" (Exhibit DD), the defending national champions, UConn's men's basketball team, while in San Juan, Puerto Rico, played "West Virginia without four of its players due to "violation of team rules."  Coach Ollie would not disclose any further information about the incident(s) in San Juan. When asked what the "violation" was, Ollie responded: "I have no comment on it, . . . we'll assess the situation when we get back to Connecticut."

Plaintiff's assessment of the defendants' responses to her request for production are not properly before the court. Nonetheless, defendants provided plaintiff with all responsive documents related to this particular request for production, and plaintiff's counsel has been advised of this.

|   |   |
|---|---|
|   | DEFENDANTS |
|   | WILLIAM TONG<br>ATTORNEY GENERAL |
| BY: | /s/ Rosemary M. McGovern<br>Rosemary M. McGovern<br>Assistant Attorney General<br>Federal Bar No. ct19594<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT  06141-0120<br>Tel: (860) 808-5160<br>Fax: (860) 808-5084<br>Rosemary.McGovern@ct.gov |

## **CERTIFICATION**

I hereby certify that on April 1, 2019, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Rosemary M. McGovern
(#ct19594)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5160
Fax: (860) 808-5084
Email: Rosemary.McGovern@ct.gov